| iPETERS, Judge,
concurring.
I concur in the results of the majority opinion, but for different reasons.
The majority concludes that the term “movable” as used in the decedent’s will was clear and unambiguous, and therefore, there was no need to resort to extrinsic evidence to determine the testator’s intent. I disagree.
I conclude that the word “movable,” when used in the potentially limiting phrase “all of the household furniture, effects, and movables,” (emphasis added) is ambiguous and requires clarification. To do so requires resort to extrinsic evidence. Succession of Smart, 214 La. 63, 36 So.2d 639 (1948). The trial court committed error in not considering the clear and unrefuted testimony of the attorney who prepared the document. It is presumed that an attorney knows the law and has clearly expressed the testator’s intent in drafting the will. Succession of Jones, 172 So.2d 312 (La.App. 4th Cir.), writ refused, 247 La. 718, 174 So.2d 131 (1965).
Therefore, for the reasons expressed herein, I concur in the results set forth in the majority opinion.